IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BENJAMIN C. BOONE,

    Plaintiff,

v.                                          CASE NO. 5:15-cv-53-MW-GRJ

UNITED STATES OF AMERICA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the United States Bureau of Prisons, initiated this case by filing a *pro se* complaint in the Northern District of Florida on the Northern District of Florida's civil rights complaint form for prisoners in actions under 28 U.S.C. § 1331 or § 1346. (ECF No. 1.) The case is presently before the Court on ECF No. 15, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. Plaintiff was afforded an opportunity to respond but did not and the time for doing so has long since passed. Accordingly, this matter is ripe for review. For the following reasons, the undersigned recommends that the Defendant's motion be granted.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at United States Penitentiary in Marion, Illinois ("USP Marion"). At all times relevant to this case, Plaintiff was incarcerated at the Federal Correctional Institution in Marianna, Florida ("FCI Marianna"). In Count One of his complaint, Plaintiff alleges that on or about January 14, 2013, he tripped and fell on

a sidewalk near the Apache units. Plaintiff alleges that the sidewalk was cracked, which caused it to be uneven. He alleges that had the sidewalk been in proper condition, he would not have fallen. Plaintiff contends that part of his fall was due to a physical handicap, which limited his movement. He alleges he suffered abrasions to his left knee and elbow and a sprain/strain to his knee as a result of the fall.

In Count Two, Plaintiff alleges that on or about January 8, 2013, before the aforementioned fall, he slipped and fell on his way to the shower in the Apache A unit. Plaintiff alleges that because he is handicapped and there are no hand railings, it is difficult to hold on when the floor is wet. Plaintiff also alleges that because the floor is waxed and buffed, there is an increased danger of falling when a handicapped person attempts to use the shower. He alleges that the practice of buffering the floors, with the absence of handrails, violates the American Rehabilitation Act and caused his fall. Plaintiff claims that because of these conditions, he fell and hurt his back. Plaintiff alleges that he was provided Tylenol for his discomfort.

Plaintiff purports to assert claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, and Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794. Plaintiff seeks the following forms of relief for Count One: $75,000 in punitive damages, $75,000 in compensatory damages, and $1.00 in nominal damages. Plaintiff seeks the following forms of relief for Count Two: $75,000 in punitive damages, $75,000 in compensatory damages, and $1.00 in nominal damages. He also seeks "other reasonable relief that may be just and equitable for the violation of the Rehabilitation Act." (ECF No. 1 at 5-7.)

## II. DEFENDANT'S MOTION TO DISMISS

Defendant argues that the Plaintiff's FTCA claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or that in the alternative, summary judgment should be granted in favor of the Defendant. According to Defendant, even accepting Plaintiff's allegations as true Plaintiff's claims still fail as a matter of law.

Turning to Count One, Defendant argues that Plaintiff does not allege that an employee knew or should have known about the purported crack in the sidewalk nor does he allege that an employee of the Defendant failed to maintain the sidewalk. Defendant also says that difference in floor levels is not an inherently dangerous condition triggering a duty to warn. Defendant argues that in the alternative, summary judgment is proper because the evidence Defendant has filed shows that there are no cracks in the sidewalk. Defendant contends that the sidewalk is in compliance with the Architectural Barriers Act/Uniform Federal Accessibility Standards ("ABA Standards") and that the joints between each concrete slab do not exceed one-half inch, comporting with ABA standards.

With regard to Count Two, Defendant argues that the Plaintiff fails to specify which shower he was using or the area in which he fell. Defendant also maintains that Plaintiff does not identify any regulation that requires a federal prison to install hand railings in the shower. Further according to Defendant, a wet floor near a shower is not an inherently dangerous condition triggering a duty to warn. Defendant argues that in the alternative, summary judgment is proper on the claim based on the evidence submitted in connection with its motion. Defendant contends that all showers are in compliance with the ABA Standards and that it follows prison procedures for waxing the

floors.

With regard to Plaintiff's Rehabilitation Act claim, Defendant argues that this claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because the Court lacks jurisdiction. Defendant asserts that it has sovereign immunity with respect to claims for damages under the Rehabilitation Act. Furthermore, Defendant asserts that since the Plaintiff is no longer incarcerated at FCI Marianna, he will not benefit from any injunctive relief concerning the conditions at FCI Marianna. Defendant concludes that the claim is, therefore, moots and that this Court should grant the motion to dismiss. (ECF No. 15 at 3-10.)

### III. MOTION TO DISMISS AND SUMMARY JUDGMENT STANDARDS OF REVIEW

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa Cty., Fla.*, 21 F.3d 1531, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long Cty., Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical"

or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Id.* at 681. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie Cty. Sch. Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[1]

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions,

---

[1] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

*Case No: 5:15-cv-53-MW-GRJ*

answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005).

## IV. DISCUSSION

A.  **Plaintiff's Claims under the Federal Tort Claims Act**

Defendant requests the Court to dismiss Plaintiff's complaint for failure to state a claim for negligence. Because Defendant's motion relies on matters outside the pleadings, the Court will treat the motion as a motion for summary judgment.[2]

In the context of a claim brought under the FTCA, the federal summary judgment standard described above is applied using the substantive tort law of the state in which the alleged tort occurred. 28 U.S.C. § 1346(b)(1); *Stone v. United States,* 373 F.3d 1129, 1130 (11th Cir. 2004). Because this case involves a claim of negligence that allegedly occurred in Florida, Florida negligence law is applicable. In Florida, a plaintiff states a valid claim for negligence if he asserts that the Defendant (1) owed a duty of care towards Plaintiff, (2) breached that duty of care, (3) the breach caused Plaintiff's injuries, and (4) the Plaintiff was harmed. *See, e.g.*, *Whitt v. Silverman*, 788 So. 2d 210 (Fla. 2001); *McCain v. Fla. Power Corp.*, 593 So. 2d 500 (Fla. 1992).

After careful review of the evidence in this case, as discussed herein, and

---

[2] It is unnecessary to provide notice that the motion is treated as one for summary judgment pursuant to Fed. R. Civ. P. 12(d), because Defendant styled the motion in the alternative and therefore Plaintiff is traditionally on notice of same. However, because Plaintiff was proceeding *pro se*, the Court provided notice that it would be deciding the motion on the basis of the motion, the response and any evidentiary materials filed. (ECF No. 16.) Plaintiff was advised that failure to respond would mean that the motion was not opposed and that Plaintiff may not rely solely on the allegations of the issue pleadings in opposing the summary judgment motion. *Id.*

consideration of the standards required to succeed on a tort claim in Florida, the Court concludes that Plaintiff has not produced evidence of a viable tort claim sufficient to survive the Defendant's motion for summary judgment.

With respect to Plaintiff's claims concerning the sidewalk, Plaintiff has failed to proffer any evidence that the Defendant failed to discharge its duty of care or was negligent in any way. The only evidence submitted by Plaintiff to support his claim are his conclusional allegations in the Complaint. Defendant, on the other hand, has submitted a variety of evidence including a sworn declaration by the Environmental Safety Compliance Administrator at FCI Marianna, photographs of the areas in question and portions of FCI Marianna's institutional plan. (ECF No. 15-2.)

Defendant submitted a declaration of Jerry Sale, the Environmental Safety Compliance Administrator at FCI Marianna. (ECF No. 15-2.) In his sworn declaration, Mr. Sale states that the sidewalk leading from the Apache unit has not been repaired or replaced since at least 1996. *Id.* at 1. He further avers that the sidewalk has a rise over run ratio that is in compliance with the ABA Standards for pathways without handrails. *Id.* at 1-2. Mr. Sales says that the space between each concrete slab of the sidewalk is in compliance with the ABA Standards for sidewalks. *Id.* at 2. Furthermore, photographs provided by the Defendant show that the sidewalk is level and has no visible cracks. *Id.* at 4-8. Lastly, Plaintiff has failed to provide any evidence that he suffered any injuries as a result of his claim. Without such evidence, such an injury is purely speculative in nature, and as a result, Plaintiff fails to raise a genuine issue of material fact.

With respect to Plaintiff's claim that he fell in the shower, Plaintiff has again failed to submit any evidence to refute Defendant's claim that it did not breach its duty

by allowing the floors outside the shower area to be slick the day he fell. Defendant provided pictures of the area outside of the shower showing that both the showers and the area near the showers are in ABA compliance. (ECF No. 15-2 at 9.) In his declaration, Mr. Sale testifies that all nine showers and all areas near them are in compliance with ABA Standards. *Id.* at 2. He also states that walkways are checked daily to ensure safety. *Id.* As previously mentioned, Plaintiff has failed to provide any medical evidence of his injuries and only alleges that his back was hurt. Plaintiff's failure to show that any of the actions allegedly taken by these employees resulted in any actual injury to him is fatal to his tort claim.

For these reasons, the Court concludes that Defendant's evidence demonstrates Defendant was not negligent toward Plaintiff. Plaintiff has failed to come forward with any evidence that contradicts Defendant's evidence to create the existence of a material issue of fact. Plaintiff has not filed an affidavit in opposition of Defendant's motion refuting the evidence submitted by Defendant. Consequently, Plaintiff's negligence claims under the FTCA fail, and Defendant is entitled to summary judgment on these claims.

**B. Plaintiff's Claim under the Rehabilitation Act**

Defendant also requests dismissal of Plaintiff's Rehabilitation Act claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The United States Supreme Court has held that Congress has not waived sovereign immunity against awards of monetary damages for violations of the section of the Rehabilitation Act prohibiting discrimination on the basis of disability. *Lane v. Pena*, 518 U.S. 187, 193 (2006). Therefore, monetary damages are not available, and this Court does not have jurisdiction to entertain such a

claim.

Additionally, any claims for injunctive relief under the Rehabilitation Act are now moot. "A case becomes moot, and therefore, nonjusticiable . . . when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *B & B Chem. Co. v. U.S. E.P.A.*, 806 F.2d 967, 989 (11th Cir. 1986) (quotations omitted). Plaintiff is no longer incarcerated at FCI Marianna and therefore could no longer benefit from any injunctive relief he would seek concerning the facilities at FCI Marianna. *See Boxer X v. Donald*, 169 Fed. Appx. 555, 559 (11th Cir. 2006) (affirming a court's granting of summary judgment in favor of the defendants since the plaintiff was no longer housed where the defendants were currently employed). Therefore, Plaintiff's claim for injunctive relief under the Rehabilitation Act is moot.

Furthermore, the "only proper defendant in a . . . claim of discrimination under the Rehabilitation Act is the head of the agency accused of having discriminated against the Plaintiff." *Farrell v. United States Dep't of Justice,* 910 F. Supp. 615, 618 (M.D. Fla. 1995); *see also* 42 U.S.C. § 2000e-16(c). In this case, Plaintiff alleged discrimination in connection with his incarceration at a federal prison. Therefore, the only proper defendant would be the head of the Bureau of Prisons in his official capacity.

Consequently, Plaintiff's Rehabilitation Act Claim against the United States should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## V.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that:

   1. Defendant's Alternative Motion for Summary Judgment (ECF No. 15) should

be **GRANTED** with respect to Plaintiff's FTCA claim, and judgment should be entered in favor of Defendant.

2. Defendant's Motion to Dismiss (ECF No. 15) should be **GRANTED** with respect to Plaintiff's Rehabilitation Act claim.

**IN CHAMBERS** this 26th day of October 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.